IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| QUENTIN A. MITCHELL | § | |
| REG. NO. 95256-080 | § | |
| V. | § | C.A. NO. C-05-361 |
| | § | |
| FEDERAL CORRECTIONAL INSTITUTION- | § | |
| THREE RIVERS, TEXAS | § | |

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

This is an action filed by a prisoner pursuant to 28 U.S.C. § 2674. (D.E. 1). Plaintiff's motion for appointment of counsel is pending. (D.E. 17, 18).

The Court views this motion pursuant to the same standard applied to inmate cases filed pursuant to 28 U.S.C. § 1983. Indeed, one appellate court has determined that in assessing such a motion, district courts should evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." Hill v. Smithkline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004). Such a standard for claims filed pursuant to the Federal Tort Claims Act mirrors the standard enunciated by the Fifth Circuit in civil rights cases. See generally Jackson v. Dallas Police Dep't, 811 F.2d 260, 261-62 (5th Cir. 1986) (per curiam).

No constitutional right to appointment of counsel exists in civil rights cases. Wendell v. Asher, 162 F.3d 887, 892 (5th Cir. 1998); Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam). A district court is not required to appoint counsel unless "'exceptional circumstances'" exist. Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987) (quoting Jackson, 811 F.2d at 261). Among the factors that the Court should consider are: "(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will

consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case." Jackson, 811 F.2d at 262 (citing Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982)); accord Norton v. Dimanza, 122 F.3d 286, 293 (5th Cir. 1997).

In his motion, plaintiff quotes 18 U.S.C. § 3006A(b) concerning the appointment of counsel. That section, however, applies in criminal cases. Plaintiff also cites Russell v. Anderson, 401 F.2d 241, 247 (5th Cir. 1968) to support his motion. The Fifth Circuit has determined that the Sixth Amendment does not apply to civil cases. Federal Trade Comm'n v. Assail, Inc., 410 F.3d 256, 267 (5th Cir. 2005) (citations omitted). That case is inapplicable here as it does not stand for the proposition that plaintiff is entitled to an attorney, but instead established that district courts may not establish onerous requirements for attorneys to appear pro hac vice in civil rights case.

Upon careful consideration of the factors set forth in Jackson, the Court finds that appointment of counsel is not warranted at this time. Regarding the first factor, plaintiff's Eighth Amendment claims do not present any complexities that are unusual in prisoner actions. The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff has thus far demonstrated that he is able to adequately communicate and file pleadings with the Court. The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. Plaintiff's action has not been scheduled for trial; consequently, at this time, the appointment of counsel for trial would be premature. Finally, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case.

No "exceptional circumstances" exist that warrant the appointment of counsel at this time.

2

Accordingly, plaintiff's motion for appointment of counsel, (D.E. 17, 18), is DENIED without prejudice subject to renewal should counsel be warranted at a later date.

ORDERED this 13th day of October 2005.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE