IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| QUENTIN A. MITCHELL | § | |
|     REG. NO. 95256-080 | § | |
| V. | § | C.A. NO. C-05-361 |
| | § | |
| UNITED STATES | § | |

**MEMORANDUM AND RECOMMENDATION ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pending is Defendant's motion for summary judgment to dismiss plaintiff's claims. (D.E.21). Plaintiff filed a response in opposition. (D.E. 27). For the reasons stated herein, it is respectfully recommended that defendant's motion be granted and that plaintiff's claims be dismissed with prejudice.

## I. JURISDICTION

The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## II. PROCEDURAL BACKGROUND

Plaintiff is a federal inmate proceeding *pro se* and *in forma pauperis*. He is currently incarcerated at Federal Correctional Institution at Three Rivers, Texas ("FCI-Three Rivers"). He filed this civil action on July 8, 2005, alleging that FCI-Three Rivers was liable under the Federal Tort Claims Act ("FTCA") for withdrawing part of his prison earnings in violation of 18 U.S.C. §§ 3663 and 3664.

(D.E. 1). He seeks damages for emotional distress and punitive damages in the amount of $53,364.00.

### III. SUMMARY JUDGMENT EVIDENCE

In support of its motion for summary judgment, (D.E. 21, 22), defendant offers the following:

- Ex. A: Copies of plaintiff's criminal judgments entered in Case No. A-00-CR-030(1)JRN and A-00-CR-024(1)JRN, each in the United States District Court for the Western District of Texas, Austin Division.

- Ex. B: Order dated September 9, 2004, denying plaintiff's motions to suspend restitution payments in his criminal cases;

- Ex. C: Declaration of Louis Tolliver, FCI-Three Rivers Correctional Counselor, with attached copy of BOP Program Statement P5380.08 concerning the Inmate Financial Responsibility Program ("IFRP");

- Ex. D: Copies of plaintiff's inmate financial contract, dated June 16, 2005;

- Ex. E: Declaration of Lorena Bartlett, FCI-Three Rivers accounting technician and cashier; and

- Ex. F: Order entered August 26, 2005, denying plaintiff's motion to reconsider the orders denying his requests to suspend restitution payments.

The following facts are not in dispute:

On February 20, 2001, plaintiff was found guilty on five felony counts in two criminal actions, case numbers A-00-CR-024-JRN and A-00-CR-030-JRN, each

styled United States v. Mitchell, in the United States District Court for the Western District of Texas, Austin Division. See (D.E. 22, Ex. A-1 through A-6 & A-7 through A-12). In those actions, plaintiff was found guilty of car jacking and aiding and abetting; interference with commerce by robbery and aiding and abetting; and using, carrying, and brandishing a firearm during and in relation to a crime of violence. Id. The district court judge, Judge James R. Nowlin, sentenced plaintiff to 219 months in prison, five years supervised release, and a $500.00 special assessment. Id. at A-2, A-8. In addition, plaintiff was ordered to pay restitution in the amount of $24,887.00. Id. at A-5, A-11. The restitution orders require plaintiff to cooperate with the United States Attorneys' Office, the Bureau of Prisons ("BOP"), and the probation office to make payments in full as soon as possible, including during confinement. Id. Any unpaid balance could be paid during plaintiff's supervised release per a court-approved monthly installment schedule. Id.

On September 9, 2004, Judge Nowlin denied plaintiff's motion requesting a suspension of his restitution payments. (D.E. 22, Ex. B).

On November 4, 2004, plaintiff signed an Inmate Financial Contract pursuant to the IFRP. (D.E. 22, Ex. C at 19). Per this contract, plaintiff authorized FCI-Three Rivers to withdraw fifty percent of his monthly payments from

UNICOR (federal prison industries), and to apply the monies toward the $500.00 special assessment and the orders of restitution. See (D.E. 22, Ex. C, Tolliver Decl. at ¶ 10). On June 16, 2005, plaintiff renewed his Inmate Financial Contract on the same terms. (D.E. 22, Ex. D).

From October 4, 2004 through September 20, 2005, plaintiff earned approximately $606.25 at FCI-Three Rivers. See (D.E. 22, Ex. E, Bartlett Decl. at ¶¶ 5-9 & Attach. 1). During this same period, FCI-Three Rivers withdrew $194.21 (32 percent of plaintiff's monthly pay) from plaintiff's earnings and applied the monies toward his special assessment and restitution. Id. Plaintiff spent approximately $434.32 at the FCI-Three Rivers commissary during that same period. Id. Plaintiff paid $76.72 in child support during that time. Id.

On July 8, 2005, plaintiff filed this action. See (D.E. 1). On August 26, 2005, Judge Nowlin granted plaintiff's motion to reconsider the order denying his motion to suspend restitution payments. (D.E. 24, Ex. F). Upon reconsideration, Judge Nowlin adjusted the original orders of restitution and ordered that plaintiff pay fifty percent of his earnings per pay period toward restitution. Id.

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P.

56(c).  An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Id. at 251-52.  In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motions.  Caboni v. General Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

      The Court may not weigh the evidence or evaluate the credibility of witnesses.  See id.  Furthermore, "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify on the matters stated therein."  Fed. R. Civ. P. 56(e); see also Cormier v. Pennzoil Exploration & Prod. Co., 969 F.2d 1559 (5th Cir. 1992) (refusing to consider affidavits that relied on hearsay statements); Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987) (stating that courts cannot consider hearsay evidence in affidavits and depositions).  Unverified documents do not constitute proper summary judgment evidence.  King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings.  Fed. R. Civ .P. 56(e); Anderson, 477 U.S. at 248-49.  Furthermore, "[a]fter the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted."  Caboni, 278 F.3d at 451.  However, "[i]f reasonable minds could differ as to the import of the evidence ... a verdict should not be directed."  Anderson, 477 U.S. at 250-51.

## IV.  DISCUSSION

**A.    FTCA claim.**

The Federal Tort Claims Act, 28 U.S.C. § 1346 and § 2671, et seq., waives the sovereign immunity of the United States for certain torts committed by federal employees.  FDIC v. Meyer, 510 U.S. 471, 475 (1994); Linkous v. United States, 142 F.3d 271, 275 (5th Cir. 1998).  The Fifth Circuit has noted that "[t]he FTCA authorizes civil actions for damages against the United States for personal injury or

death caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred." Quijano v. United States, 325 F.3d 564, 567 (5th Cir. 2003) (citing 28 U.S.C. §§ 1346(b), 2674). The FTCA forbids relief for many intentional torts. 28 U.S.C. § 2680(h). The tort asserted in an FTCA claim must not be a constitutional tort. Sanchez v. Rowe, 870 F.2d 291, 296 (5th Cir. 1989); see also Davis v. United States, 961 F.2d 53, 57 (5th Cir. 1991) (the FTCA "does not encompass federal constitutional torts"). The United States is the sole and only appropriate defendant in a FTCA claim. McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir. 1998).

The FTCA states specifically that the United States "shall not be liable for ... punitive damages." 28 U.S.C. § 2674. In addition, the FTCA prohibits an inmate to file suit against the United States for mental or emotional injury absent a prior showing of physical injury. 28 U.S.C. § 1346(b)(2); see also Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001) (discussing 42 U.S.C. § 1997e(e)). Indeed, § 1346(b)(2) provides:

> No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

7

28 U.S.C. § 1346(b)(2); <u>see also</u> 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

Plaintiff has requested punitive damages in an unspecified amount. Defendant is entitled to sovereign immunity from plaintiff's claims for punitive damages pursuant to 28 U.S.C. § 2674. It is respectfully recommended that defendant be granted summary judgment on plaintiff's claim for punitive damages.

In his original complaint, plaintiff did not allege or suffer any physical injury. In fact, in his summary judgment response, plaintiff admits that defendant is "absolutely correct" in arguing that he is not entitled to damages for emotional or mental distress because he has not demonstrated a prior physical injury. <u>See</u> (D.E. 27 at 2). Thus, because plaintiff cannot establish a prior physical injury, he is barred from seeking damages for emotional or mental distress. Accordingly, it is respectfully recommended that defendant be granted summary judgment on plaintiff's FTCA claims for mental and emotional damages.

**B.      Plaintiff's response and request for recharacterization of complaint.**

In his summary judgment response, plaintiff claims that he mistakenly filed his case "under the wrong Title, and wrong section," but that it is "obvious" from

his complaint that he was alleging a violation of his "federal rights."[1] To the extent plaintiff is now asking the Court to construe his allegations as an action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), it is respectfully recommended that plaintiff's request be denied.

    A Bivens action is the federal counterpart of § 1983 and "extends the protections afforded by § 1983 to parties injured by federal actors not liable under § 1983." Abate v. Southern Pac. Transp. Co., 993 F.2d 107, 110 n.14 (5th Cir. 1990). "To recover damages under Bivens, the injured party must show the existence of a valid constitutional violation." Id. at 110.

    In his original complaint, plaintiff complained that **FCI-Three Rivers** had illegally taken monies from his inmate trust fund account to make restitution payments, and he cited specifically to the FTCA. See (D.E. 1 at 3). Plaintiff did not name any individual federal actors as a defendant, nor did he identify the violation of a constitutional right. In fact, throughout his pleadings, plaintiff refers to his claims as "torts," for alleged violation of the restitution statutes. His lawsuit was properly opened as an FTCA action.

    Moreover, nothing prevents plaintiff from pursuing a Bivens action in a separate proceeding, subject to screening and payment of the filing fee, should he

---

[1] Plaintiff has raised almost identical claims in a habeas corpus action, C.A. No. C-05-435.

so desire. There is no genuine issue of a material fact on plaintiff's FTCA claim. Thus, it is respectfully recommended that defendant be granted summary judgment in its favor.

**C.     Mootness.**

The federal courts' authority extends only to actual cases or controversies. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983) (per curiam); see also Allen v. Wright, 468 U.S. 737, 750 (1984). Here, the basis of plaintiff's claims, that FCI-Three Rivers was illegally taking money from his account to pay his restitution, was rejected by Judge Nowlin in his August 26, 2005 order modifying plaintiff's restitution orders. See (D.E. 22, Ex. F). Thus, plaintiff's claims alleging that FCI-Three Rivers did not have the authority to deduct restitution payments have been adjudicated, rendering his claims moot. To the extent plaintiff disagrees with Judge Nowlin's restitution orders, it is respectfully recommended that his remedy is a direct appeal or a § 2255 motion as he is challenging the terms of his sentence that occurred at or prior to sentencing.

**D.     Plaintiff's consent.**

Finally, the uncontested summary judgment evidence establishes that plaintiff twice signed contracts consenting to the monthly withdrawals from his inmate

account for restitution payments by FCI-Three Rivers.  See (D.E. 22, Exs. C at 19 & D).

Pursuant to federal criminal law, "[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless in the interest of justice, the court provides for payment on a date certain or in installments."  18 U.S.C. § 3572(d)(1); see also 18 U.S.C. § 3664(f)(2) (the court shall specify pursuant to 18 U.S.C. § 3572 the schedule according to which restitution is to be paid).

Plaintiff claims that the BOP lacks the authority to set a payment schedule for his court-ordered restitution.  (D.E. 27 at 6).  He relies on United States v. Mortimer, 94 F.3d 89 (2d Cir. 1996) and United States v. Miller, 77 F.3d 71 (4th Cir. 1996). Id.  However, neither of these cases addresses the enforcement of an IFRP. Instead, they stand for the proposition that a district court cannot delegate a judicial function, such as the timing and amounts of restitution payments or the setting of a payment schedule for court imposed special assessments, to a nonjudicial entity such as the BOP or a probation officer.  See also United States v. Albro, 32 F.3d 173, 174 n.1 (5th Cir. 1994) (per curiam) (unauthorized delegation of authority to determine restitution payment schedule from Article III judicial officer to non-

Article III official affected substantial rights of defendant and constituted plain error).

In this case, Judge Nowlin's original restitution orders did not require plaintiff to participate in an IFRP, nor did they require the BOP to set up a payment schedule. See (D.E. 22, Ex. A-5, A-11). Rather, Judge Nowlin ordered that plaintiff pay restitution and cooperate fully with the BOP in making full payment of the restitution. Id. Plaintiff voluntarily participated in the IFRP, and in doing so, received certain benefits not available to non-participants. See (Ex. C at 19, Ex. D). Therefore, it is respectfully recommended that this claim is without merit.

## IV.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the Court grant defendant's motion for summary judgment and dismiss plaintiff's FTCA claim with prejudice.

Respectfully submitted this 15th day of December 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Rule 72(b) of the Federal Rules of Civil Procedure, and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).